Citation Nr: 21049974
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-13 342
DATE: August 13, 2021

ORDER

Service connection for the cause of death is denied.

FINDINGS OF FACT

1. The Veteran died in December 2015. 

2. The cause of death was a cardiac arrest.

3. The Veteran had no service-connected disabilities at the time of his death.

CONCLUSION OF LAW

The criteria for service connection for the cause of death are not met. 38 U.S.C. §§ 1110, 1131, 1310, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.312.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from October 1965 to May 1988. He died in December 2015. The Appellant is his surviving spouse.

This case is before the Board of Veterans' Appeals (Board) on appeal from a November 2016 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO).

The Board remanded this case for a medical opinion in May 2020. As the requested medical opinion was rendered in June 2020, no other action is required to comply with the remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Appellant contends that the Veteran's cardiac arrest resulted from ischemic heart disease due to Agent Orange exposure from serving in the Republic of Vietnam.

Service connection will be granted for a current disability that resulted from an injury, disease, or aggravation while in active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Generally, service connection requires (1) a present disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the present disability and the in-service incurrence or aggravation of a disease or injury. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

VA will presume the diseases listed in 38 U.S.C. § 1116(a)(2) and 38 C.F.R. § 3.309(e) are related to service if they become manifest to a degree of 10 percent or more at any time after service and the herbicide agent exposure was during active service in the Republic of Vietnam between January 9, 1962, and May 7, 1975. 38 U.S.C. § 1116; 38 C.F.R. § 3.307(a)(6)(ii). Ischemic heart disease, also called coronary artery disease (CAD), is listed in 38 U.S.C. § 1116(a)(2)(G) and 38 C.F.R. § 3.309(e). The Veteran's military personnel records demonstrate that he served in Vietnam in 1969. Accordingly, the Veteran is presumed to have been exposed to herbicide agents during service. 38 C.F.R. § 3.307(a)(6)(iii).

A cardiac arrest is not one of the diseases set forth in 38 C.F.R. § 3.309(e), a presumption based on in-service herbicide agent exposure is not warranted. However, the Board will consider whether there is evidence of actual direct causation of a cardiac arrest due to herbicide agent exposure. See Combee v. Brown, 34 F.3d 1039, 1043-44 (Fed. Cir. 1994).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990); 38 C.F.R. § 3.102.

The record demonstrates that the criteria for service connection for the cause of death are not met.

The Appellant was married to the Veteran at the time of his death. She filed a claim for dependency and indemnity compensation in January 2016. The January 2015 death certificate cited the cause of death as cardiac arrest. An autopsy was not performed.

The Veteran had no service-connected disabilities at the time of his death. The record contains no diagnosis of CAD.

A May 2020 VA physician reviewed the record and opined the Veteran's cardiac arrest was not at least as likely as not the result of herbicide agent exposure in service and that it is not at least as likely as not that the Veteran, at or near the time of his death, had CAD. The physician's rationale was that the record contained no objective evidence to suggest that the Veteran's cardiac arrest was caused by exposure to herbicide agents, including Agent Orange or dioxin. The physician also found no evidence available in the Veteran's electronic medical records that demonstrated CAD, myocardial infarction, or a prior coronary artery bypass surgery.

The May 2020 VA physician's opinion is probative because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board acknowledges the medical articles the Appellant submitted and her belief that the Veteran had a diagnosis of CAD at the time of his cardiac arrest or that his cardiac arrest was the result of in-service herbicide agent exposure. However, she is not competent to provide a diagnosis in this case, determine that the Veteran's symptoms were manifestations of CAD, or provide a nexus opinion regarding this issue. The issue is medically complex, as it requires specialized medical education, which the Appellant does not have. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

Although the Board is sympathetic to the Appellant's claim and is grateful for the Veteran's service, the claim of service connection for the cause of his death is denied. In this regard, the preponderance of the evidence of record is against a finding that the Veteran's cause of death was related to his military service.

In deciding to deny the claim, the applicability of the benefit of the doubt doctrine has been considered; however, as the preponderance of the evidence is against the claim, it is not applicable. 38 U.S.C. § 5107(b); Gilbert, 1 Vet. App. at 53-56. 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. Costa, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.